1   Robert R. Parker, Jr., LL. B.
    OSB # 216437
2   111 SW Fifth Avenue
    Suite 3150
3   Portland, Oregon 97204
    503-444-3417
4   robert@robertparkerlawoffices.com
5

6

7

8                    **UNITED STATES DISTRICT COURT**
                     **FOR THE DISTRICT OF OREGON**
9

10  **DAVE SAMUELSON,**                    )
                                           )        **Civil Action No.:**
11       **Plaintiff,**                    )
                                           )
12  **vs.**                                )        **COMPLAINT:**
                                           )        **42 USC 1983**
13  **JEWELL SCHOOL DISTRICT 8, STEVE**    )        **RICO Violations**
14  **PHILLIPS, in both his individual and his** )  **Malicious Prosecution**
    **representative capacity, RON BROWN, in** )    **Abuse of Process**
15  **his individual and representative capacity,** )  **Wrongful Termination Intentional**
    **JON WOOD, in his individual and his** )        **Infliction of Mental Anguish,**
16  **representative capacity, SHANNON** )           **Defamation of Character**
    **WOOD, in her individual and representative** )  **Age Discrimination, Tortious**
17  **capacity, ERIC DOTSON, in his individual** )   **Interference, Negligent Training,**
    **and representative capacity, CHANCE** )         **Supervision and Oversight**
18  **MOORE, individually and in representative** )
19  **capacity, TOM BERGIN, in his individual and** )
    **representative capacity, BRIAN MEIER, in his** )
20  **individual and representative capacity, JOHN** )
21  **and JANE DOE, 1-15,**                 )
                                           )
22       **Defendants.**                   )
23  _____ /

24                      **INTRODUCTION:**

25       This matter emerges as a result of false accusations of sexual assault and/or harassment

26  asserted against the Plaintiff by defendant Shannon Wood, in a retaliatory effort to divert

27
28  COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF
    CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE
    DISCRIMINATION - 1

attention from her inappropriate behavior which was indicative of an extra-marital affair with another married man who also served on the School Board for defendant Jewell School District 8.

Plaintiff had become aware of a parental concern of what appeared to be the inappropriate sexual misconduct of defendant Shannon Wood, as relayed from the parent of one of the student players for the basketball/volleyball team at Jewell School District 8, where both the Plaintiff and defendant Shannon Wood were coaches. It was reported to the Plaintiff that the parent's concern was that Shannon Wood's behavior regarding her relationship with the father of a volleyball player on the team she was assistant coaching was sexual in nature. The parent reported all the students were talking about it. Plaintiff promptly contacted Superintendent Steve Phillips, informing him of the parental concern so that the school could address the matter in an appropriate manner.

As opposed to maintaining the confidence of the reported misconduct, defendant Steve Phillips apprised defendant Shannon Wood of the Plaintiff's comments. Wood then reached out by text to the Plaintiff inquiring as to the truth of his purported "confidential" report to the Superintendent, Steve Phillips, and Plaintiff truthfully confirmed that he had spoken with defendant Phillips.

While the school took no action towards Shannon Wood for her misconduct, within a relatively short period of time thereafter, Plaintiff was terminated from his job as coach of the boys' basketball team, criminally charged with ten (10) misdemeanor counts of sexual harassment or some variation thereof, suffered a near life ending heart attack and his character

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 2

and reputation tarnished beyond recognition in the community that he has spent his entire life and career.

A Writ was filed against defendant Jewell School District 8 to challenge the assertions made and inappropriate conclusions reached that resulted in restrictions on Plaintiff relative to his involvement at activities held at or sponsored by defendant Jewell School District 8. The restrictions included precluding Plaintiff from coming onto School District property without being escorted by his wife, amongst other embarrassing and condescending restrictions.

Plaintiff and defendant School District recently resolved, by settlement, those restrictions listed in the Writ, but each party retained their right and ability to proceed against the other for any and all claims that may have arisen as a result of the actions and/or inaction of defendant School District and its agents, employees or other representatives. The filing of this action followed shortly after the conclusion of the resolution of the Writ by settlement between the parties.

**JURISDICTION**:

1.  This matter is premised on 28 USC 1343(a)(3), 42 USC 1981, 42 USC 1983, 18 USC 1961, et seq., and this Court's pendant and ancillary jurisdiction to entertain state law-based claims in conjunction with causes of action premised on federal law consistent with **Smith v. Kansas City Title & Trust**, 155 U.S. 180 (1920).

**VENUE:**

2.  Venue is premised upon 28 USC 1391(b)(2), et seq.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 3

**PARTIES:**

3. Plaintiff, Dave Samuelson, is a resident of Clatsop County, Oregon and citizen of the United States of America.

4. Jewell School District 8, is, upon information and belief, a duly constituted school district that is situated in and operated within Clatsop County, Oregon and otherwise within the purview of this Court's jurisdiction; This defendant can be served with the Summons and Complaint by service upon its Superintendent or other executive officer or board member thereof.

5. Defendant Steve Phillips, is, upon information and belief, a resident of the State of Oregon and can be served with the Summons and Complaint on his person wherever he can be located within the State of Oregon.

6. Defendant Ron Brown, is, upon information and belief, a resident of Clatsop County, Oregon and presently serves as the duly elected District Attorney for Clatsop County who can be served with the Summons and Complaint at his offices or any other place where he may be found within the State of Oregon.

7. Defendant Shannon Wood, is, upon information and belief, a resident of Clatsop County, Oregon who can be served with the Summons and Complaint at her residence, place of work or any other place that she can be found within the State of Oregon.

8. Defendant Eric Dotson, is, upon information and belief, a resident of Clatsop County, Oregon and serves as a Deputy Sheriff for Clatsop County, Oregon. This

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 4

defendant may be served with the Summons and Complaint at his place of employment or wherever he may be found within the State of Oregon.

9. Defendant Chance Moore, is, upon information and belief, a resident of Clatsop County, Oregon and serves as a Deputy Sheriff for Clatsop County, Oregon. This defendant may be served with the Summons and Complaint at his place of employment, or wherever he may be found within the State of Oregon.

10. Defendant Tom Bergin, is, upon information and belief, a citizen of the United States of America and previously served as Sheriff of Clatsop County, Oregon, who can be served with the Summons and Complaint upon his person wherever he may be found within the State of Oregon, or within the State of Texas where he currently resides.

11. Defendant Brian Meier, is, upon information and belief, a resident of Clatsop County, Oregon and can be served with the Summons and Complaint at his resident, his place of employment or wherever in the State of Oregon that he may be found.

12. Defendants John and Jane Doe 1-15 are sued in a fictitious capacity as their identity is not yet known to Plaintiff but upon a determination of their true identities, Plaintiff will supplement and amend his pleadings to reflect same.

**<u>COMMON NUCLEUS OF OPERATIVE FACT</u>**:

13. Plaintiff was informed by the parent of one of the student athletes at Jewell School that defendant Shannon Wood was engaged in a sexual, extramarital

relationship with Brian Meier (a former member of defendant Jewell School Board).

14. Consistent with his obligation as a member of the Jewell School District coaching staff and a former member of the School District Board, he reported this information to the Superintendent of the School District, defendant Steve Phillips in what was thought to be a confidential disclosure consistent with the provisions of ORS 339.372, et seq.

15. Within a matter of 48 hours or less, defendant Shannon Wood texted Plaintiff and asked if he had spoken to the Superintendent, defendant Steve Phillips,

16. Plaintiff responded in the affirmative and shortly thereafter found himself being investigated by defendant School Board agents, employees and/or representatives and the Clatsop County Sheriff's office.

17. The Jewell Superintendent received instruction from the Hungerford Law firm to be particularly hard on Dave Samuelson, which resulted in further loss of income from Dave.

18. After the interaction with Clatsop County Sheriff Deputies, defendants Chance Moore, and Eric Dotson, Plaintiff was given a citation by the deputies and then subsequently charged with ten (10) counts of sexual harassment and related misconduct flowing directly from the false allegations made against him by defendant Shannon Wood

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 6

19. The charging parties had personal vendettas against the family due to votes by the Samuelson family when they were members of the Jewell community such as Dave Samuelson speaking out against the hiring of Steve Phillips who had been discharged for misconduct by another entity, and Dave's wife as the Clatsop County Commissioner, This is an enormous conflict of interest which should have indicated the issue be addressed by a different district.

20. Plaintiff later learned that defendant Steve Phillips and defendant Shannon Wood were both members of the Church of Latter Day Saints and were members of the Mormon religion.

21. Defendant Shannon Wood was alleged to be inactive as a member, but defendant Steve Phillips was active and believed to be active in assisting defendant Shannon Wood to be reinstated to active status within their religious community.

22. Defendant School District issued a directive that not only terminated Plaintiff's employment but also severely restricted his movement and presence on school property even though Plaintiff had previously served eleven (11) years on the defendant School District's Board and had a minor child attending school within the district.

23. That a Writ was filed with the Clatsop Circuit Court that was only recently resolved that in essence rescinded the previous actions of the defendant School District and its former Superintendent, defendant Steve Phillips and defendant Jon Wood, who was then serving as principal.

24. While Plaintiff was being subjected to the onerous provisions of the edict of defendant School District, he was being prosecuted by defendant Ron Brown of the Clatsop County District Attorney's office on the ten (10) misdemeanor offenses flowing directly from the lies and false accusations proffered by defendant Shannon Wood.

25. That upon information and belief, neither defendant School District, defendant Steve Phillips as Superintendent, defendant Jon Wood as principal and alleged author of defendant School District's "Report" or defendants Chance Moore and Bergin or defendant Ron Brown ever bothered to conduct a fair, impartial and reasonably appropriate investigation into the false allegations preferred by defendant Shannon Wood against the Plaintiff.

26. A cursory investigation under appropriate guidelines of law enforcement would have disclosed fatal flaws in both the allegations themselves and the credibility of the accuser, defendant Shannon Wood.

27. That defendant Shannon Wood had sought, unsuccessfully, a restraining/stalker order against Plaintiff that was rejected by the Court on or about September 27, 2019.

28. Defendant Shannon Wood used the same mendacious factual pattern for her Petition for Stalking Protective Order upon which the erroneously filed misdemeanor charges were premised as well as the defective School District proceedings which the Court ruled that she had not presented or alleged a "legal basis" for.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 8

29. As a result of the dismissal of the Petition for Stalking Protective Order, defendant Shannon Wood was collaterally estopped from asserting these same mendacious allegations to defendant School District, Clatsop County Sheriff and defendant Ron Brown of the Clatsop County District Attorney's Office.

30. Upon information and belief, defendant Shannon Wood is alleged to have had extramarital affairs with persons other than defendant Brian Meier, possibly including other defendants.

31. Further, upon information and belief, defendant Shannon Wood is said to be in contact with a certain Jane Doe defendant who, upon information and belief, has engaged in countless efforts to overturn and interfere with the custody determination of Keegan McCleary who Plaintiff has primary custody over by Court Order.

32. That this entire ordeal is premised on the retaliatory misconduct of defendant Shannon Wood undertaken, upon information and belief, upon the active assistance and guidance of a Jane Doe in her continued efforts to dislodge the custody arrangements presently in place for the minor grandchild, Keegan McCleary.

33. There was malicious motivation for retribution by Defendant Steve Phillips because Dave Samuelson had advised against the hiring of Steve Phillips, after Phillips had been reprimanded and then resigned as a superintendent in a previous school district for public racial slander. This created an environment of acrimony from Steve towards Dave personally.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 9

34. Upon information and belief, the Jane Doe defendant has been an employee of Clatsop County government and as such is in close contact with defendant Ron Brown and for which it is apparent the two of them have shared a professional and personal relationship for an extended period which appears to have been utilized to instigate and perpetuate the actions against Plaintiff and his wife.

35. That while Plaintiff was being erroneously persecuted by defendants, he suffered a massive heart attack brought on by the undue stress and anxiety believed to have been directly based on by the ongoing actions of the defendants herein.

36. After Plaintiff's survival of the near-death heart attack, defendant Ron Brown, through his office as District Attorney, extended an offer to the Plaintiff to pay twelve thousand, five hundred ($12,500) dollars to defendant Shannon Wood and plead to a one count misdemeanor charge for the remaining charges to be dismissed. Plaintiff was also told in the settlement hearing that Shannon Wood would sign a document stating she will not sue the Plaintiff if he paid the Settlement.

37. Plaintiff rejected this offer out of hand.

38. Of additional interest is that defendant DA Brown and his office had an actual conflict of interest in that Plaintiff's wife, as a former County Commissioner had voted against the DA's stipend account for which long standing retribution was evident in a rather obvious conflict of interest then existing.

39. Subsequently thereafter, the misdemeanor charges were dismissed, and Plaintiff freed from further criminal prosecution in this matter.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 10

## COUNT I
## VIOLATIONS OF 42 USC 1983

Plaintiff repeats, re-allege and incorporates paragraphs 1 thru 39 as if set forth herein verbatim and further complains of all individual and representative capacity defendants herein as follows:

40. That the individual and representative capacity defendants engaged in a pattern and practice of conduct, under color of state law, that deprived Plaintiff of rights, privileges and immunities protected under the Constitution and laws of the United States of America in violation of 42 USC 1983.

41. That said deprivations consisted of but are not limited to due process violations both substantive and procedural during the reporting, investigation, quasi-judicial administrative hearings and appeal of same which were purported to comply with due process but was nothing more than a façade of due process lacking any part of the constitutional protections envisioned by the 14th Amendment to the U.S. Constitution.

42. Additional constitutional deprivations occurred in the initial investigation of the matter by Clatsop County Deputy Sheriff defendants whose constitutional infractions were ratified by defendant Sheriff which were undertaken under color of state law and in violation of the 14th Amendment to the U.S. Constitution.

43. Additional constitutional deprivations occurred in the prosecution of the erroneously prosecuted criminal misdemeanor offenses by defendant district attorney who knew or in the exercise of reasonable diligence would have known that the acts of Plaintiff were statutorily protected thus immunizing him from

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 11

retaliatory prosecutions premised on mendacious and unproven assertions in violation of 42 USC 1983 and the 14th Amendment to the US Constitution.

## COUNT II
## RICO VIOLATIONS:

Plaintiff repeats, re-allege and incorporates paragraphs 1 thru 43 as if set forth herein verbatim and further complains of all individual and representative capacity defendants herein as follows

44. At all relevant times, Defendants, both named and fictitiously named, were "persons" within the meaning of RICO 18 USC 1961(3) and 1962(c).

45. At all relevant times, the defendant parties formed an association in fact for the purpose of engaging in the conduct complained of herein and this association in fact was and is an "enterprise" within the meaning of RICO 18 USC 1961(4).

46. At all relevant times, this enterprise comprised of the defendants herein, was engaged in, and its activities affected interstate commerce, within the meaning of RICO 18 USC 1962(c).

47. At all relevant times the defendants herein and others presently unknown to Plaintiff, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5) in violation of RICO, 18 USC 1962(c).

48. Specifically, at all relevant times, defendants and the other co-conspirators, presently unknown to Plaintiff, engaged in "racketeering activity" within the meaning of 18 USC 1961(1) by engaging in the acts set forth herein.

49. The acts set forth above constitute a violation of one or more of the following statutes: the state law extortion statute as set forth in RICO 18, USC 1961 (1)(A);18 USC 1341 (mail fraud); 18 USC 1343 (wire fraud); 18 USC 1344 (Financial institution fraud); 18 USC 1503 (obstruction of justice); 18 USC 1513 (Retaliating against a witness, victim or informant); 18 USC 1951 (interference with interstate commerce and extortion).

50. Defendants, through utilization of their respective offices, staff and influence, with the assistance and participation of others presently unknown to Plaintiff, each committed and/or aided and abetted the commission of two or more of these acts of racketeering activity.

51. The acts of racketeering activity referred to herein constitutes a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5).  The acts alleged were related to each other by virtue of common participants, common victim the Plaintiff, who has been similarly prosecuted under the criminal laws of the United States in and for the District of Oregon and having a common method of commission, with the common purpose and common result of depriving Plaintiff of his liberty interest through the unconstitutional utilization of the federal criminal justice system for an alleged sexual harassment premised on mendacious unproven allegations which were known to defendants to be a farce concocted and perpetrated by a Jewell School District 8 employee that appeared to be involved in an adulterous extra marital affair with another former Jewell School District 8 Board Member, who was attempting to cover up their

indiscretions for their own selfish purposes, subjecting Plaintiff to violation of all aspects of his civil and constitutional rights.

52. The pattern of racketeering activity has continued, unabated, since its inception and is threatened to continue longer but for the institution of this action to enjoin the constitutionally impermissible conduct of the defendants herein.

53. The Plaintiff has been and continues to be irreparably damaged by the acts and conduct complained of herein at the hands of defendants.

## COUNT III
## RICO CONSPIRACY

Plaintiff repeats and re-alleges paragraphs 1 through 53, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

54. At all relevant times, Plaintiff was a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

55. At all relevant times, defendants, each of them, were a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

56. At all relevant times, defendants had formed an association-in-fact for the purpose of engaging in the conduct complained of herein.  This association-in-fact was and is, an "enterprise" within the meaning of RICO, 18 USC 1962(c).

57. As set forth in the paragraphs 1 through 53, defendants, each and all of them, individually and collectively, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18, USC 1961(5), in violation of RICO, 18 USC 1962(c).

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 14

58.   At all relevant times, defendants and other co-conspirators, presently unknown to Plaintiff, were each and all associated with the enterprise and agreed and conspired to violate 18 USC 1962, that is, all defendants agreed to conduct and participate, directly and/or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 USC 1962(d).

59.   Defendants and their unknown co-conspirators, committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above and below.

60.   The conduct of the defendants and their unknown co-conspirators has had an adverse effect on interstate commerce and the Plaintiff has directly suffered irreparable harm and damage as the direct result and proximate cause thereof.

## COUNT IV
## MALICIOUS PROSECUTION

Plaintiff repeats and re-alleges paragraphs 1-60 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

61.   Defendants initiated a criminal proceeding against the Plaintiff.

62.   That defendants lacked probable cause to proceed on any purported criminal violations against the Plaintiff.

63.   That the initiation of the action for purported criminal violations was done with actual malice to compel Plaintiff to acquiesce to other efforts of defendants, which Plaintiff declined to do.

64.   That the criminal proceedings terminated in favor of the Plaintiff.

65  Plaintiff has been irreparably damaged by the egregious misconduct of the

defendants each and all of them.

## COUNT V.
## ABUSE OF PROCESS

Plaintiff repeats and re-alleges paragraphs 1-65 as if fully set forth herein verbatim and

further complains of the Defendants herein as follows:

66. Defendants initiated an administrative proceeding against the Plaintiff.

67. The proceedings were instituted for the purpose of establishing an alibi or plausible

defense to allegations of improper behavior between defendant Wood, then a

coach/employee of defendant Jewell School District 8 and defendant Meier, who at

that time had formerly served as a member the board for defendant Jewell School

District 8.

68. That the administrative proceedings were undertaken maliciously and without a good

faith basis of a privilege for so doing and constitutes a perversion of the

administrative process not intended by the law.

69. The proceedings terminated favorably to the Plaintiff.

70. Plaintiff suffered from such egregiously extensive stress resulting directly from the

actions of the defendants that he succumbed to a near fatal cardiac arrest/heart attack

from which Plaintiff continues to recover from.

## COUNT VI
## WRONGFUL TERMINATION:

Plaintiff repeats and re-alleges paragraphs 1-70 as if fully set forth herein verbatim and

further complains of the Defendants herein as follows:

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF
CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE
DISCRIMINATION - 16

71. At all times complained of herein, Plaintiff was the basketball coach for the varsity
    high school team for defendant Jewell School District 8.

72. That Plaintiff was contacted by a concerned parent who made Samuelson aware of
    certain alleged misconduct that involved another Jewell School District employee
    and a member of the Board for said defendant Jewell School District 8.

73. That Plaintiff, consistent with his obligations under Oregon law, reported same to the
    Superintendent who at that time was defendant Phillips.

74. That instead of proceeding consistent with what the official policy of defendant
    Jewell School District 8 had in place, it appears, upon information and belief, that
    defendant Phillips informed defendant Wood who then proceeded to make the false
    allegations that Plaintiff is supposed to have "touched her" inappropriately.
    Defendant Steve Phillips made a statement that "neither he, nor school principal Jon
    Wood would ever be in a room alone with Defendant Shannon Wood, because she
    had a reputation for making false allegations." This statement was made after
    Shannon Wood made her allegation against Dave Samuelson.

75. Plaintiff was subjected to a proceeding that did not comply with basic components of
    due process depriving Plaintiff of the ability to cross examine witnesses and his
    accuser.

76. Plaintiff was also deprived of the ability to mount or proceed with an effective appeal
    of the actions of the defendants which included the wrongful termination of the
    Plaintiff from his position with defendant Jewell School District 8.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF
CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE
DISCRIMINATION - 17

77. That the actions of defendants were undertaken in violation of the policies and procedures then in place at defendant Jewell School District 8 thus further depriving Plaintiff of even the most basis of procedural or substantive rights and protections.

78. After the intentional deprivations of rights, privileges and immunities under both state and federal law, defendants then subjected the Plaintiff to the criminal prosecution referenced above.

79. That Plaintiff has been and continues to be damaged as a direct result and proximate cause of the wrongful actions of defendants resulting in Plaintiff being improperly terminated from his employment.

**COUNT VII**
**INTENTIONAL INFLICTION OF MENTAL ANGUISH:**

Plaintiff repeats and re-alleges paragraphs 1-79 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

80. The actions of the defendants against the Plaintiff in the filing and pursuit of the false allegations of misconduct were undertaken intentionally, maliciously or recklessly.

81. The actions of the defendants were extreme and outrageous and said defendants were fully aware of the extremely outrageous aspects of their mendacious misconduct, and in fact were deliberately "being hard" on Dave Samuelson.

82. The egregiously outrageous misconduct of the defendants were the cause of the severe emotional distress inflicted upon the Plaintiff that resulted in the inducement of his near fatal heart attack.

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 18

1
2

## COUNT VIII
## DEFAMATION OF CHARACTER

3

Plaintiff repeats and re-alleges paragraphs 1-82 as if fully set forth herein verbatim and

4

further complains of the Defendants herein as follows:

5

83. Defendant Wood made and publicized false allegations against the Plaintiff to

6

defendant Jewell School District 8 agents, employees and/or representatives.

7
8

84. Defendant Wood knew that her allegations were false, but defendants failed to engage

9

in any meaningful, impartial investigation of said mendacious assertions which

10

resulted in Plaintiff being criminally prosecuted, terminated from his employment

11

and suffering a near fatal heart attack.

12
13

85. Defendant Jewell School District 8 through defendant Wood, Phillips, Meier and

14

others further publicized the false allegations to the Clatsop County Sheriff's office

15

and the Clatsop County District Attorney's offices where Plaintiff was subjected to a

16

lengthy wrongful and malicious criminal prosecution which terminated in his favor.

17

86. Plaintiff was damaged in his professional capacity as the coach of the high school

18
19

varsity team and humiliated publicly through social media and newspaper articles

20

that further diminished his reputation in his community. These false charges also

21

prevented him from obtaining covid-relief for his business.

22

## COUNT IX.
## AGE DISCRIMINATION:

23
24

Plaintiff repeats and re-alleges paragraphs 1-86 as if fully set forth herein verbatim and

25

further complains of the Defendants herein as follows:

26

87. Plaintiff is excess of forty years (40) of age.

27
28

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 19

88. That defendant Jewell School District 8 undertook an adverse employment action against the Plaintiff.

89. That Plaintiff had been performing, without any problems, issues or concerns in his position as high school basketball coach for an extended period before he was subjected to the adverse employment action complained of herein.

**COUNT X,**
**TORTIOUS INTERFERENCE**

Plaintiff repeats and re-alleges paragraphs 1-89 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

90. Plaintiff, at the time of the events complained of herein operated his own independent logging truck company with contracts with varied timber entities.

91. That defendants were aware of Plaintiff's business activities and knew full well that when Covid 19 shut down most of the country, Plaintiff was unable to procure any assistance for the losses to his company business due to the filing of the false criminal charges against him thus precluding his from acquiring the necessary interim funding to continue his business.

92. As a result of the inability to procure the required financing to continue in business, Plaintiff was forced to sell his company at a loss.

93. The filing of the false criminal charges against the Plaintiff was intentionally and maliciously undertaken by defendants to Plaintiff's detriment.

94. Said interference was improper in all aspects as the defendants knew, or in the exercise of reasonable diligence would have discovered that the imposition of the criminal charges against the Plaintiff was contrary to the law.

95. The misconduct of the defendants are the sole and proximate cause of Plaintiff's inability to procure the financing which was needed to continue his business activities.

## COUNT XI
## NEGLIGENT OVERSIGHT/TRAINING/SUPERVISION:

Plaintiff repeats and re-alleges paragraphs 1-95 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

96. Defendants Jewell School District 8, Brown and Bergin, all had duties to properly train, oversee and supervise their respective employees.

97. Each of said defendants breached their respective duties by negligently failing to train, oversee and/or supervise their respective employees.

98. That as a direct result of the failure of said defendants to properly exercise their duties and responsibilities, Plaintiff was severely damaged by said negligent failure which constitutes the proximate cause of the damages complained of herein by Plaintiff.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants herein as follows:

a.   That process issue and Defendants be made to defend in this matter.

b.   That Plaintiff be granted a judgment on Count I of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

c.   That Plaintiff be granted a judgment on Count II of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

d.   That Plaintiff be granted a judgment on Count III of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

e.   That Plaintiff be granted a judgment on Count IV of the Complaint against the

Defendants in an amount not less than fifteen million ($15,000,000) dollars.

f.  That Plaintiff be granted a judgment on Count V of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

g.  That Plaintiff be granted a judgment on Count VI of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

h.  That Plaintiff be granted a judgment on Count VII of the Compliant against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

i.  That Plaintiff be granted a judgment on Count VIII of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

j.  The Plaintiff be granted a judgment on Count IX of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

k.  That Plaintiff be granted a judgment on Count X of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

l.  That Plaintiff be granted a judgment on Count XI of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

m.  That Plaintiff be granted the benefit of the statutory triple damage component for Counts II and III according to law.

n.  That Plaintiff be granted attorney fees and costs associated with the prosecution of this matter.

o.  That Plaintiff be granted all such other relief that this Court deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL FACT ISSUES**:

COMPLAINT 42 USC 1983, RICO, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION OF CHARACTER, INTENTIONAL INFLICTION OF MENTAL ANGUISH, WRONGFUL TERMINATION, AGE DISCRIMINATION - 22

Dated this 12th day of December 2022.

**Respectfully submitted,**
**LAW OFFICE OF ROBERT R. PARKER, JR., LL. B., LLC**

**/s/ Robert R. Parker, Jr.**
_____
**By: Robert R. Parker, Jr.**
**OSB Number 216437**
**Attorney for Plaintiff**