IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVE SAMUELSON**,<br><br>       Plaintiff,<br><br>      v.<br><br>**JEWELL SCHOOL DISTRICT 8, STEVE PHILLIPS, RON BROWN, JON WOOD, SHANNON WOOD, ERIC DOTSON, CHANCE MOORE,** and **JOHN & JANE DOE 1-15**,<br><br>       Defendants. | Case No. 3:22-cv-1923-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Dave Samuelson originally sued Jewell School District 8, Shannon Wood, Former School Principal Jon Wood (collectively, the "School District Defendants"), Former School Superintendent Steve Phillips, District Attorney Ron Brown, Deputy Eric Dotson ("Dotson"), Deputy Chance Moore ("Moore"), Former Sheriff Tom Bergin, Brian Meier, and John and Jane Does 1-15, in their individual and official capacities. Before motions to dismiss were resolved, Plaintiff filed a First Amended Complaint ("FAC") alleging the same claims against the same defendants. Defendants filed motions to dismiss the FAC. In resolving those motions, the Court dismissed several claims and defendants. Plaintiff then filed a Second Amended Complaint ("SAC"), dropping claims against Tom Bergin and Brian Meier. Dotson and Moore filed a motion to dismiss the claims against them asserted in the SAC, and Brown filed a motion for more definite statement.

PAGE 1 – ORDER

Plaintiff, now represented by new counsel, seeks leave under Rule 15 of the Federal Rules of Civil Procedure to file a Third Amended Complaint ("Proposed TAC"). The Proposed TAC asserts claims against the School District Defendants, Phillips, Dotson, Moore, and Brown, and seeks to add Clatsop County as a defendant. The Proposed TAC also includes streamlined claims. Dotson, Moore, and the School District Defendants oppose Plaintiff's motion. They argue that the motion is futile because the claims against them and proposed new defendant Clatsop County are subject to dismissal.

Due to the unique circumstances in this case, the Court GRANTS Plaintiff's motion for leave to file a third amended complaint (ECF 96). The Court DENIES the pending motions against the SAC (ECF 60 and ECF 73) as moot.[1]

**IT IS SO ORDERED.**

DATED this 1st day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] The Court notes that qualified immunity generally is better resolved at the summary judgment stage than on a motion to dismiss. *See Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) ("Determining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making."); *Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004) (holding that by considering qualified immunity at the pleadings stage, "the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record"). This is particularly true in considering qualified immunity with respect to the alleged reckless investigation claim, which requires a factually intensive analysis. The Court, however, does not require that discovery closes before motions for summary judgment are filed and allows serial motions for summary judgment. Defendants may file motions for summary judgment seeking qualified immunity whenever they believe it is appropriate. Defendants also may file motions against the TAC—this Order is without prejudice to raising any argument in a future motion.